UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:12-50-TMC-JRM |
| Plaintiff, | ) |
| v. | ) |
| United States of America, | ) Report and Recommendation |
| Defendant. | ) |

Paul Leslie Cox ("Plaintiff"), *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lieber Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as frivolous.[1]

*Pro Se* and *In Forma Pauperis* Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding

---

[1] Plaintiff has filed three (3) prior cases in this Court, which have been deemed "strikes" pursuant to 28 U.S.C. § 1915(g). *See Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-3501-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-1941-06BC (D.S.C.). However, since the imposition of Plaintiff's "strikes," the United States Court of Appeals for the Fourth Circuit Court has held that dismissal without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g). *See McLean v. United States of America*, 566 F.3d 391 (4th Cir. 2009). While none of the strikes issued against Plaintiff in 1997 are expressly based on failure to state a claim, each of the cases was dismissed without prejudice. Therefore, the three strikes rule will not be used as a basis for summary dismissal of this Complaint.

with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Discussion

Plaintiff, who is currently serving a life sentence for a 1987 kidnapping conviction in the Spartanburg County Court of General Sessions,[2] alleges that he is being held in slavery in violation of the Thirteenth Amendment. ECF No. 1, page 4. Plaintiff states that, "[i]n 1992 the law was changed for kidnapping that carried a sentence of 10 yrs. to life only, to a 30 yr. max. sentence." *Id.* at 3. Plaintiff refers to the amendment of the maximum penalty for kidnapping[3] as a change in the "statute of limitations" for the offense. *Id.* Plaintiff complains that the reduced 30 year maximum penalty for kidnapping was not applied retroactively to his life sentence, when other such law changes have been made retroactive. *Id.* at 3. Thus, Plaintiff claims that he is illegally imprisoned, *id.* at 3-4, and asks this Court to find the statute of limitations in question unconstitutional. *Id.* at 5.

As an initial matter, it is noted that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973). Thus, to the extent Plaintiff is challenging his current state kidnapping conviction and/or sentence, he cannot do so under § 1983. Further, the United

---

[2] South Carolina Department of Corrections Incarcerated Inmate Search, http://sword.doc.state.sc.us/scdc-public/ (last visited February 8, 2012). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records).

[3] After Plaintiff's conviction and sentencing for the offense of kidnapping in 1987, the maximum penalty for kidnapping was reduced from life to 30 years imprisonment. *See* S.C. Code Ann. § 16-3-910; *see also State v. Varner*, 423 S.E.2d 133 (S.C. 1992)(affirming life sentence of prisoner who was sentenced prior to the amendment of the kidnapping statute as no language in the act required its retroactive application).

3

States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The preclusive rule in *Heck* likewise bars injunctive relief, if a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction or sentence. *See Omar v. Chasanow*, No. 08-8440, 2009 WL 693470 at **1 (4th Cir. March 18, 2009); *see also Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002)(applying *Heck* to claims for injunctive relief)(partially overruled by *Skinner v. Switzer,* 131 S.Ct. 1289 (2011)). In the present case, Plaintiff seeks relief which would affect the duration of his kidnapping sentence. As Plaintiff has not shown that his conviction has been invalidated, the Complaint's claims associated with Plaintiff's kidnapping sentence are barred by the holding in *Heck*.

Next, Plaintiff claims that "if you are legally convicted to the Dept. of Corr. you become a legal slave of that state." ECF No. 1, page 4. The Thirteenth Amendment to the United States Constitution states: "Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States or any place subject to their jurisdiction." U.S. Const. amend. XIII (emphasis added). As the Thirteenth Amendment, by its plain language, does not apply to a convicted criminal, Plaintiff's claim of involuntary servitude is subject to summary dismissal as frivolous. *See Newell v. Davis*, 563 F.2d 123, 124 n.1 (4th Cir. 1977)(stating claim by prisoner under the Thirteenth Amendment was "obviously without merit"); *McLaughlin v. Royster*, 346 F. Supp. 297, 311 (D.C.Va. 1972)("Prisoners validly convicted may be forced to perform work, whether or not compensated.").

4

Recommendation

Accordingly, the undersigned recommends that the Complaint in the above-captioned case be dismissed *with* prejudice. It is also recommended that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g).

March 13, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).